# RAWLINGS MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101277.   Promulgated April 10, 1941.

*Charles C. Allen, Jr., Esq.*, and *Richard S. Jones, Esq.*, for the petitioner.

*R. H. Transue, Esq.*, for the respondent.

## OPINION.

KERN: Petitioner's position in this proceeding is based upon the primary assumption that this liability based on an additional excise tax is not to be treated as a tax liability, but is to be treated as a business expense or loss and, therefore, subject to the rules applicable to business losses. That provision of the acts allowing deductions for taxes accrued or paid, depending on the basis of the taxpayer's report, is an exclusive section. Taxes which actually accrue against a taxpayer or which are paid by him can not be deducted under any other provision than section 23 (c). "The general must succumb to the specific", *Pacific Employers Insurance Co.* v. *Commissioner*, 89 Fed. (2d) 186.[1]  The petitioner, therefore, has attempted to point

---

[1] It is only when taxes are unconstitutionally levied or illegally assessed that they are deductible as business losses. Cf. *E. L. Bruce Co.*, 19 B. T. A. 777.  But see *Cartex Mills, Inc.*, 42 B. T. A. 894.

out that the excise tax upon sporting goods imposed by section 609 of the 1932 Act was not actually a tax upon itself, but rather one upon the vendee. In support of his contention he has pointed to section 625 of the act of the same year. The section last referred to, however, does not present the general basis of the excise tax, but specifically refers only to cases where the manufacturer had entered into contracts for the sale of taxable goods prior to May 1, 1932. We are not concerned here with any application of that section; nor do we feel that the inference which petitioner has drawn therefrom is correct. As we view the tax, it is upon the transaction (i. e., the sale by the manufacturer) and the vendor is liable for its payment, although the effect thereof is not to put the manufacturer out of pocket, inasmuch as he adds the tax to the sale price, which makes the ultimate purchaser the actual taxpayer. The liability for the payment to the Government of that tax, however, is the manufacturer's. Cf. *Elmira Arms Co.*, 7 B. T. A. 703; *R. C. Musser*, 3 B. T. A. 498; *George E. Hamilton*, 6 B. T. A. 240; *A. Eisenberg*, 11 B. T. A. 574; *George M. Cohan*, 11 B. T. A. 743; *Shearer* v. *Commissioner*, 48 Fed. (2d) 552, affirming 18 B. T. A. 465.

Inasmuch as we disagree with petitioner's contention that the tax imposed by section 609, about which this controversy centers, was not upon this petitioner, we are forced to disregard his theory of business expenditure or loss. Assuming, as is here the case, that petitioner accrues or pays a tax assessed against itself, then the only relief afforded by way of Federal income tax deduction is to be found in section 23 (c).

Petitioner has not based his deduction on section 23 (c), however. On the contrary, he has specifically avoided this contention. The difficulty of claiming a deduction based on that section has been disclosed in *United States* v. *Anderson*, 269 U. S. 422; *American Cigar Co.*, 21 B. T. A. 464; affd., 66 Fed. (2d) 425; *Great Northern Railway Co.*, 30 B. T. A. 691; *Continental Baking Corporation*, 30 B. T. A. 354; and *Floyd, Inc.*, 43 B. T. A. 101. In the last cited case this Board said:

* * * It is well settled that the *liability* for Federal income tax is *incurred* in the year for which the tax is imposed, irrespective of the time the tax may be assessed or may become due and payable, for, all of the events upon which the tax is predicated having occurred in that year, the amount of the tax liability is then fixed by law and ascertainable. * * *

Although this excise tax liability seems to have been a decidedly complex matter, conducive to distinct differences of opinion as to what sales were taxable, nevertheless we see no reason for laying down a rule with regard to the time when the liability for Federal excise taxes is incurred different from that applicable to the liability

for Federal income tax, which is also frequently complex and involves differences of opinion.

Petitioner, on the accrual basis, could only have availed himself of a deduction in the earlier years for which the tax was imposed, not in the year here claimed, and then only by virtue of the provisions of section 23 (c).

*Decision will be entered for the respondent.*